UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY VANDIVER,

        Plaintiff,                  CIVIL ACTION NO. 08-CV-10508

vs.

                                    DISTRICT JUDGE MARIANNE O. BATTANI

DOUG VASBINDER, et al.,        MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:** This Court recommends that the Motion For Dismissal Under Rule 12(b)(5) and 12(b)(6) filed by Doug Vasbinder (docket no. 51) be **DENIED**.

The Court further recommends that Plaintiff's claims against Doug Vasbinder be dismissed from this lawsuit pursuant to 28 U.S.C. § 1915A.

Finally, the Court recommends that Plaintiff's Motion To Extend Time To Serve The Complaint Upon Defendant Doug Vasbinder (docket no. 44) be **DENIED**.

**II.**     **REPORT:**

This matter comes before the Court on two motions. The first motion is the Motion For Dismissal Under Rule 12(b)(5) and 12(b)(6) filed by G. Robert Cotton Correctional Facility ("JCF") Warden Doug Vasbinder. (Docket no. 51). Plaintiff filed a response. (Docket no. 59). The second motion is Plaintiff's Motion To Extend Time To Serve The Complaint Upon Defendant Doug Vasbinder. (Docket no. 44). Doug Vasbinder filed a response. (Docket no. 50). Plaintiff filed a reply. (Docket no. 55). This action has been referred for all pretrial purposes. (Docket no. 35). The

1

Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(f). Because the motions are related, the Court will consider them together and make a recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.     Facts and Procedural History**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff is presently incarcerated at the Lakeland Correctional Facility in Jackson, Michigan; however the events giving rise to this action occurred while he was incarcerated at JCF in Jackson, Michigan. Plaintiff, who is diabetic and suffers from Hepatitis C, alleges that Defendants violated his First and Eighth Amendment rights when they denied him medical treatment in retaliation for Plaintiff's exercise of protected First Amendment rights.

In February 2008 Plaintiff filed his complaint *pro se* and was granted leave to proceed *in forma pauperis*. (Docket nos. 1, 3). The U.S. Marshal Service attempted service on Defendants. All Defendants except Doug Vasbinder returned an executed waiver of service. (Docket nos. 8-11). In August 2008, before service was effected against Doug Vasbinder, the Court issued an order dismissing Plaintiff's complaint without prejudice pursuant to the three strikes rule of 28 U.S.C. § 1915(g). (Docket nos. 18, 19). Plaintiff filed an appeal of that order and, on March 28, 2011, the Sixth Circuit Court of Appeals reversed the order of dismissal and remanded the case for further proceedings. (Docket no. 33). The case was reopened in April 2011. (Docket no. 34). Counsel has now entered an appearance on behalf of Plaintiff and has filed an amended complaint. (Docket nos. 39, 40, 58). The amended complaint attempts to clarify Plaintiff's original claims, but names no new Defendants and alleges theories of recovery under 42 U.S.C. § 1983 that are similar to those asserted in the original complaint.

The amended complaint states that twenty-one years ago, in October 1990, a Michigan Department of Corrections ("MDOC") physician issued an order requesting that Plaintiff be permanently transferred to a Jackson, Michigan correctional facility for health reasons. (Docket no. 58 at ¶ 11). The complaint further alleges that in December 2006 Plaintiff's treating physician ordered that Plaintiff receive medication, special shoes, a transport vehicle, a special diet, and other accommodations to treat his diabetes-related symptoms. (Docket no. 58 at ¶ 18). Plaintiff states that he filed more than fifteen health care kites between December 2006 and January 2007 for medication renewals and fulfillment of his physician's orders after Defendants refused to dispense the ordered treatment. (Docket no. 58 at ¶¶ 18-19). In January 2007, after his health care kites allegedly went unanswered, Plaintiff filed a formal written grievance. (Docket no. 58 at ¶ 20). Plaintiff alleges that Defendants attempted to transfer him out of JCF shortly after he filed his grievance. (Docket no. 58 at ¶ 21). He maintains that he sent JCF Warden Doug Vasbinder a letter regarding the alleged attempted retaliatory transfer and to request fulfillment of his physician's orders, but Vasbinder ignored the letter and failed to ensure that Plaintiff received necessary treatment. (Docket no. 58 at ¶ 22).

According to the amended complaint, Vasbinder was deliberately indifferent to Plaintiff's medical needs and acted with retaliatory animus because Vasbinder ignored Plaintiff's letter to him and took no action to rectify Plaintiff's situation. Because Vasbinder was not served with the original complaint, in August 2011 Plaintiff filed the instant motion to extend the time to serve Vasbinder. (Docket no. 44). Counsel filed an appearance on behalf of Vasbinder and objected to the motion. (Docket nos. 45, 50). At the same time, counsel for Vasbinder filed the instant motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). In the motion to

dismiss, Vasbinder argues that Plaintiff's claims against him are time-barred under the applicable statute of limitations and under Federal Rule of Civil Procedure 4(m).

**B.     Standard of Review**

Federal Rule of Civil Procedure 12(b)(5) permits a defendant to file a motion to dismiss for a plaintiff's failure to effect proper service of process. The decision whether to dismiss a complaint for improper service of process is within the sound discretion of the court. *Sherer v. Construcciones Aeronauticas, S.A.*, 987 F.2d 1246, 1247 (6th Cir.1993).

The defense of the statute of limitations may be raised in a motion under Federal Rule of Civil Procedure 12(b)(6). *Dickson v. Twp. of Novesta*, No. 05-10045, 2006 WL 3240695, at *5 (E.D. Mich. Nov. 6, 2006). When determining a motion under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007). To survive a Rule 12(b)(6) motion to dismiss "the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir.2008) (citation and internal quotation marks omitted).

**C.     Analysis**

Vasbinder argues that Plaintiff's claims against him should be dismissed because Plaintiff failed to serve Vasbinder with process within the period of time allotted under Federal Rule of Civil Procedure 4 and before the applicable statute of limitations period expired. Plaintiff opposes the motion to dismiss and argues that he has good cause for requesting an extension of time to serve Vasbinder under Rule 4(m). The Court will address these issues separately below.

*1.      Statute of Limitations*

A plaintiff must commence suit within the time prescribed under the applicable statute of limitations in order to avoid the statute of limitations bar. Because 42 U.S.C. ¶ 1983does not provide its own statute of limitations, federal courts borrow the analogous limitations period from the forum state. *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir.2005). Michigan provides for a three year statute of limitations period for civil rights actions under 42 U.S.C. § 1983. *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir.1988).

Under Michigan law, a civil rights action for injury to person or property must be commenced within three years after the claim first accrued. Mich. Comp. Laws § 600.5805(1), (10). An action is commenced in court by filing a complaint with the court. Fed. R. Civ. P. 3; Mich. Comp. Laws § 600.1901; MCR 2.101(B). Pursuant to Mich. Comp. Laws § 600.5856, which governs tolling of state statutes of limitations, a limitations period is tolled "[a]t the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules." Mich. Comp. Laws § 600.5856. Hence, filing a complaint under state law may commence an action but it does not toll state statutes of limitations. *Gladych v. New Family Homes, Inc.*, 664 N.W.2d 705, 708 (Mich. 2003).

In *Bd. of Regents v. Tomanio*, 446 U.S. 478 (1980), the Supreme Court held that when a federal court ruling on a § 1983 action borrows a state statute of limitations period, it must also apply the state's corresponding tolling rules for such actions, provided the tolling provisions are not inconsistent with federal law. *Id*. at 484 ("a state statute of limitations and the coordinate tolling rules are more than a technical obstacle to be circumvented if possible," but rather in most cases are "binding rules of law."). This borrowing principle was further examined by the Supreme Court in

5

*West v. Conrail*, 481 U.S. 35 (1987). In *West*, the Supreme Court held that when a federal court borrows a *federal* statute of limitations to apply to a federal cause of action, the court is not also required to adopt that statute's service provisions. "When the underlying cause of action is based on state law, and federal jurisdiction is based on diversity of citizenship, state law not only provides the appropriate period of limitations but also determines whether service must be effected within that period." *Id.* at 39 n.4 (citation omitted). Where, however, the underlying action is based on federal law and the court is required to borrow a statute of limitations, such as in § 1983 actions, federal courts must be careful to "borrow no more than necessary" to fill the gap left by Congress. *Id.* at 39. The *West* court concluded that Federal Rule of Civil Procedure 3 dictates when a suit is commenced for statute of limitations purposes when a court borrows a federal statute of limitations for application to a federal cause of action.

The issue presented in the present case is whether, in a federal question case in which a *state* statute of limitations is borrowed, must the Court also borrow the state tolling rule pertaining to service, or comply instead with Federal Rule of Civil Procedure 3 when determining whether the suit is barred under the applicable statute of limitations. Courts addressing similar issues have concluded that when a federal court borrows a state statute of limitations in a § 1983 action, the court is not also required to adopt state tolling rules pertaining to service of process. *See e.g., Williams v. Ortolano*, No. 06-10193, 2006 WL 2367360 (E.D. Mich. Aug. 14, 2006) (Federal Rules of Civil Procedure 3 and 4(m) govern questions pertaining to filing and service in § 1983 actions because there is no gap in federal law); *Lewis v. City of Detroit.*, No. 05-70667, 2006 WL 800743, at *4-6 (E.D. Mich. March 28, 2006) (citing cases for the same proposition); *Sain v. City of Bend*, 309 F.3d 1134 (9th Cir.2002) (citing cases and finding that a state rule requiring service of the

complaint during the limitations period was not a "closely related" tolling rule that would require the federal court to adopt the rule for purposes of determining whether the suit was time-barred).

In the present case the Court should find that Rule 3 of the Federal Rules of Civil Procedure dictates that Plaintiff's case was commenced when he filed his lawsuit in federal court, notwithstanding the state tolling rule requiring service of the complaint before tolling of the limitations period occurs. Federal Rule of Civil Procedure 4 then provides the applicable rule for service of process. Plaintiff's claims against Vasbinder were filed within the three year limitations period and are timely.

2.  *Federal Rule of Civil Procedure 4(m) and 28 U.S.C. § 1915A*

Next, Vasbinder argues that he should be dismissed from the lawsuit because Plaintiff failed to serve him with a copy of the summons and complaint in the period allowed under Federal Rule of Civil Procedure 4.

Rule 4(m) of the Federal Rules of Civil Procedure provides that service must be made within 120 days after the filing of the complaint. "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Plaintiff has filed a motion to extend the time to serve Vasbinder under Rule 4(m). (Docket no. 44). Ordinarily, given the arguments made in that motion and the procedural posture of this case, the Court would grant Plaintiff's motion and allow him additional time to serve Vasbinder. In reviewing the pending motions filed in this case, however, the Court has reviewed Plaintiff's

claims against Vasbinder and concludes that they should be dismissed under this Court's authority to screen prisoner complaints under 28 U.S.C. § 1915A. Pursuant to 28 U.S.C. § 1915A, a district court must screen a complaint in a civil action in which a prisoner seeks redress from an officer or employee of a governmental entity and dismiss any portion of the complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915A(b)(1).

Plaintiff's First and Eighth Amendment claims against Vasbinder are predicated on the fact that Vasbinder failed to respond to a letter sent to him by Plaintiff that allegedly informed Vasbinder of an attempted retaliatory transfer and of Plaintiff's delays in receiving medical treatment. It is a well established principle that § 1983 liability cannot be based upon a mere failure to act or on a theory of respondeat superior. *Salehpour v. Univ. of Tenn.,* 159 F.3d 199, 206-07 (6th Cir.1998). Rather, a supervisor must have " 'either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must allege that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.' " *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999) (quoting *Hays v. Jefferson Cnty., Ky.,* 668 F.2d 869, 874 (6th Cir.1982)). Thus, in order to state a plausible claim for relief, a plaintiff must allege that each defendant was personally involved in, or otherwise condoned, encouraged, or knowingly acquiesced in the alleged misconduct. *Id.*

Plaintiff has not alleged facts to show that Vasbinder was personally involved in or in any way condoned or encouraged the alleged unconstitutional conduct. Accordingly, Plaintiff's individual liability claims against Vasbinder should be dismissed.

Similarly, Plaintiff's claims for monetary damages against Vasbinder in his official capacity are equivalent to a suit for damages brought against the MDOC and are barred by the Eleventh

8

Amendment. Therefore, the Court should dismiss Plaintiff's damages claims against Vasbinder in his official capacity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Rodgers v. Banks*, 344 F.3d 587, 594 (6th Cir.2003) ("the Eleventh Amendment bars § 1983 suits seeking money damages against states and against state employees sued in their official capacities.").

Finally, it is this Court's opinion that Plaintiff's claim for prospective injunctive relief against Vasbinder is now moot as Plaintiff is no longer confined to JCF. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996). Although Plaintiff alleges that he was shuffled between numerous correctional facilities between February and December 2008, and claims that he continues to be deprived of adequate medical care, in this lawsuit he has not named any Defendants at the prison facilities to which he was transferred or at which he currently resides. The Court recommends that Plaintiff's claim for prospective injunctive relief against Vasbinder be dismissed.

**D.      Conclusion**

For the reasons stated herein, the Motion For Dismissal Under Rule 12(b)(5) and 12(b)(6) filed by Doug Vasbinder (docket no. 51) should be **DENIED**. The Court further recommends that all claims against Doug Vasbinder be dismissed from this lawsuit pursuant to 28 U.S.C. § 1915A for failure to state a claim on which relief may be granted. Finally, Plaintiff's Motion To Extend Time To Serve The Complaint Upon Defendant Doug Vasbinder (docket no. 44) should be denied.

**III.      NOTICE TO PARTIES REGARDING OBJECTIONS**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of*

*Health & Human Servs.,* 932 F.2d 505 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: October 26, 2011        s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: October 26, 2011        s/ Lisa C. Bartlett
                               Case Manager