UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY VANDIVER,

        Plaintiff,                              CIVIL ACTION NO. 08-CV-10508

vs.

                                                  DISTRICT JUDGE MARIANNE O. BATTANI

DOUG VASBINDER, et al.,             MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:** This Court recommends that the Motion for Summary Judgment filed by Defendant Joe Barrett (docket no. 62) be **GRANTED**.

**II.**     **REPORT:**

This matter comes before the Court on G. Robert Cotton Correctional Facility ("JCF") Deputy Warden Joe Barrett's Motion for Summary Judgment. (Docket no. 62). Plaintiff's counsel filed a response. (Docket no. 70). Defendant Barrett filed a reply. (Docket no. 73). This action has been referred for all pretrial purposes. (Docket no. 35). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). The motion is ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.**     Facts

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff is presently incarcerated at the Lakeland Correctional Facility in Jackson, Michigan; however the events giving rise to this action occurred while he was incarcerated at JCF in Jackson, Michigan.

1

Plaintiff, who is diabetic and suffers from Hepatitis C, alleges that Defendants violated his First and Eighth Amendment rights when they denied him medical treatment in retaliation for Plaintiff's exercise of protected First Amendment rights.

According to the amended complaint, more than two decades ago a Michigan Department of Corrections ("MDOC") physician issued an order requesting that Plaintiff be permanently transferred to a Jackson, Michigan correctional facility for health reasons. (Docket no. 58 at ¶ 11). Subsequently, in December 2006, Plaintiff's treating physician issued an order stating that Plaintiff should receive medication, special shoes, a transport vehicle, a special diet, and other accommodations to treat his diabetes-related symptoms. (Docket no. 58 at ¶ 18). Plaintiff contends that Defendants withheld these medical treatments from him in violation of his Eighth Amendment right to adequate medical care. He also contends that Defendants subjected him to poor treatment and attempted retaliatory transfers because of his involvement in protected First Amendment activities. Plaintiff maintains that he sent Defendant Barrett a letter regarding an alleged attempted retaliatory transfer and to request fulfillment of his physician's orders, but Barrett ignored the letter and failed to ensure that Plaintiff received necessary treatment. (Docket no. 58 at ¶ 22). In the instant motion Defendant Barrett moves for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies against him.

**B.      Standard**

Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000).

Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**C.     Analysis**

Plaintiff first argues that Defendant Barrett's motion should be denied because he failed to support his motion with an affidavit or other admissible evidence. Federal Rule of Civil Procedure 56(c)(1) provides that a party must support the factual assertions made in a motion for summary judgment by citing to materials in the record including "depositions, documents, electronically stored information, affidavits or declarations," and the like. Fed. R. Civ. P. 56(c)(1)(A). "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2).

Plaintiff objects to the authenticity and admissibility of the documents submitted by Defendant Barrett in support of his Motion for Summary Judgment, which include MDOC Policy Directive 03.02.130, copies of a letter from MDOC and Plaintiff, and Plaintiff's grievance forms and responses. Interestingly, in spite of his objection, Plaintiff relies on several of these same documents to support his opposition to the motion.

In response to Plaintiff's objection, Defendant Barrett submits the affidavit of Richard Russell, the Manager of the MDOC Grievance Section. Russell's affidavit states that the grievances attached to the motion are true and accurate copies of records that are regularly compiled and maintained in the ordinary course of business of the MDOC. (Docket no. 73, ex. C). Defendant

3

Barrett also submits a copy of MDOC Policy Directive 03.02.130 showing that the policy attached to the motion was in effect during the events alleged in the complaint. (Docket no. 73, ex. B). The Court is satisfied that the materials attached in support of Defendant Barrett's motion are admissible as presented or are capable of being presented in admissible form at trial. *Colton v. Skutt*, No. 10-cv-13073, 2011 WL 6090152, at *4 (E.D. Mich. Dec. 7, 2011) (Rule 56, Fed. R. Civ. P., permits the Court to consider evidence submitted at summary judgment in non-admissible form provided the evidence is capable of being produced in admissible form at trial). The Court therefore recommends that Plaintiff's objection to Defendant Barrett's evidence be overruled.

Next, Defendant Barrett argues that Plaintiff's claims should be denied for lack of exhaustion. In support of his argument Defendant Barrett submits a copy of MDOC Policy Directive 03.02.130 governing prisoner grievances, a printout of a grievance inquiry showing the grievances Plaintiff has filed, and copies of Grievance nos. JCF-06-08-011461-12D3, JCF-07-01-00070-12e, and JCF-06-0110-2040-19Z. The documents show that in Grievance no. JCF-06-08-011461-12D3 Plaintiff complains in general terms that CMS, the State of Michigan, and the MDOC have a custom of violating individuals' civil rights implemented through their policies and the written contract between CMS and the MDOC. In more specific terms, the grievance states that the "unconstitutional policy and agreement in question" caused the discontinuation of Plaintiff's diabetic diet tray and snack. (Docket no. 70, ex. 2). Plaintiff claims that he attempted to resolve this issue with Nurse Manager Connie Ives. Grievance no. JCF-06-08-011461-12D3 was appealed through Step III where it was found that there was no evidence to support Plaintiff's assertions since his diabetic diet and snacks had been renewed and approved continuously. In Grievance no. JCF-07-01-00070-12e, Plaintiff complains that Health Unit Manager Beth Gardon and Nurse Connie Ives

4

failed to respond to his health care kites and provide him with proper medical care.  (Docket no. 70, ex. 4, 6).

42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The exhaustion requirement is mandatory and requires a prisoner to comply with state procedural rules such as time limits for filing grievances and other critical procedural rules.  *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo* 548 U.S. 81, 90-91 (2006).  The court will not enforce procedural rules that were not enforced by the prison system itself.  *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010).

MDOC Policy Directive 03.02.130(T) provides that a prisoner grievance must state the issues briefly and provide information pertaining to the issue being grieved, including dates, times, places, and names of those involved.  (Docket no. 62, ex. B).  Plaintiff relies on *Reed-Bay* to argue that Plaintiff exhausted his administrative remedies against Defendant Barrett because the MDOC processed his grievance through Step III and denied the grievance on the merits, even though Barrett was not named in the grievance.  In *Reed-Bay*, the Sixth Circuit held that when the MDOC fails to enforce its own procedural rules with respect to grievances, and chooses instead to address a procedurally defaulted grievance on the merits, it cannot later rely on the procedural defect to claim failure to exhaust.

Plaintiff's reliance on *Reed-Bay* in this case is misplaced.  In the instant case, unlike in *Reed-Bey*, Plaintiff not only failed to name Defendant Barrett in his grievances but he named other individuals in relation to his complaints.  Furthermore, it is not clear from the grievances that

5

Defendant Barrett's involvement in the issues being grieved was indicated. This Court concludes that Grievance nos. JCF-06-08-011461-12D3 and JCF-07-01-00070-12e fail to exhaust Plaintiff's administrative remedies with respect to his claims that Defendant Barrett violated his First and Eighth Amendment rights.

Finally, in Grievance no. JCF-06-0110-2040-19Z, Plaintiff does identify Defendant Barrett but does so only in reference to his complaint that he was entitled to receive "two blue legal footlockers." Accordingly, Grievance no. JCF-06-0110-2040-19Z does not exhaust Plaintiff's First and Eighth Amendment claims against Defendant Barrett.

The Court concludes that Plaintiff failed to exhaust his administrative remedies against Defendant Barrett. Consequently, Defendant Barrett's Motion for Summary Judgment should be granted.

### III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 21,2 012        s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: June 21, 2012        s/ Lisa C. Bartlett
                                        Case Manager