UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY VANDIVER,

        Plaintiff,                      CASE NO. 08-10508

v.                                        HON. MARIANNE O. BATTANI

DOUG VASBINDER, et al.,

        Defendants.

_____/

### OPINION AND ORDER ACCEPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff Jerry Vandiver filed a civil rights action pursuant to 42 U.S.C.§ 1983 based upon conduct that occurred during his incarceration at Robert Cotton Correctional Facility ("JCF") in Jackson, Michigan. According to Vandiver, Defendants violated his First and Eighth Amendment rights when he was denied medical treatment in retaliation for his exercise of protected First Amendment rights. The case was referred to Magistrate Judge Mona K. Majzoub for all pretrial proceedings. See 28 U.S.C. § 636(b)(1).

In her Report and Recommendation, the Magistrate Judge recommended that the Court dismiss Defendant Joe Barrett pursuant to Fed. R. Civ. P. 56(a) because Vandiver failed to exhaust his grievances as to Barrett. (Doc. No. 80). Plaintiff timely filed an objection. For the reasons that follow, the Court **DENIES** the objection, **ACCEPTS** the Report and Recommendation, and **GRANTS** Defendant's motion.

**I. BACKGROUND**

In his amended complaint, Vandiver alleges that Defendants withheld medical treatments, including medication, special shoes, a transport vehicle, and a special diet to treat his diabetes-related symptoms. (Doc. No. 58 at ¶ 22). Consequently, Vandiver sought relief through the Michigan Department of Corrections' (MDOC) administrative grievance process. In addition to the grievance process, in January 2007, Plaintiff wrote a letter to the warden, and copied Barrett regarding an attempted retaliatory transfer and to request that the items ordered by his physician be received. Vandiver alleges that Barrett ignored the letter. (See Doc. No. 70).

Vandiver conceded that he did not identify Barrett in the grievances underlying his lawsuit. (Id. at 2). The Magistrate Judge concluded that Plaintiff failed to exhaust his administrative remedies against Defendant Barrett, and that the summary judgment motion should be granted. (R&R at 5).

**II. STANDARD OF REVIEW**

In cases where a magistrate judge has submitted a report and recommendation, and a party has properly filed objections to it, the district court must conduct a *de novo* review of those parts of the report and recommendation to which the party objects. 28 U.S.C. § 636(b)(1)(C). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

**III. ANALYSIS**

In her R&R, the Magistrate Judge concluded that Plaintiff had not exhausted his claims as to Barrett. She reasoned that not only did Plaintiff fail to name Barrett in his health care grievances, Plaintiff actually named other individuals in relation to his

claims. Moreover, the content of the grievances did not demonstrate that Barrett was involved in the matters being grieved.

Plaintiff disputes the reasoning based on the decision in <u>Reed–Bey v. Pramstaller</u>, 603 F.3d 322, 325 (6th Cir. 2010), wherein the Sixth Circuit held that when prison officials "opt to consider otherwise defaulted claims on the merits, so as a general rule will we." The facts here are distinguishable, and form no basis for this Court to hold that the MDOC waived the defense of procedural default relative to Barrett. Notably, in his August 2006 grievance, JCF-06-08-011461-12D3, Vandiver protested the failure to provide him with his diabetic diet tray and snack. Vandiver identified CMS, the State of Michigan, and the MDOC, and asserted that the policies and written contract between CMS and the MDOC violated prisoner's civil rights. Although Plaintiff attempted to resolve his dispute with Nurse Manager Connie Ives, the prison officials considered the medical claims, and denied the grievance because Plaintiff's special diet had been timely renewed. The prison officials did not timely respond at Step II, but responded at Step III, asserting that Plaintiff's "diet and snacks had been approved and renewed continuously." (Doc. No. 70, Ex. 2 at ¶¶ 7, 8).

Similarly, Plaintiff's January 9, 2007 grievance, JCF-07-01-00070-12e, alleged that JCF personnel, including members of the nursing staff denied him medical care and refused to renew orders from Plaintiff's physician. (Doc. No. 70, Ex. 6). According to Plaintiff, he submitted nine health care kites and received no responses, which he attributed to retaliation for raising issues about prisoners health care needs at the warden's forum. Plaintiff received no response to his Step I grievance. In his Step II appeal, Vandiver asserted that Defendants Beth Gardon and Ives denied him medical

care. In response to Plaintiff's Step III appeal, the MDOC asserted that "grievant's health care requests were received and processed." (Id.)

There is no question that Plaintiff raised medical treatment issues in these two grievances. The Magistrate Judge is correct that not only was Barrett not named in the grievances, other individuals and entities were. Even the broadest readings of these grievances provides no basis affording notice that Barrett's involvement is at issue.

Simply put, Plaintiff reads Reed-Bey too expansively. Under Vandiver's reading, whenever a prison official responds to a grievance on the merits, any prospective prison employee, regardless of lack of direct involvement loses the right to defend on exhaustion grounds. Neither the Magistrate Judge nor this Court can endorse this expansion. Here, the grievances dealing with health care issues were addressed on the merits, but cannot be understood to involve any prison official that was not a member of the health care staff. Barrett was an assistant deputy warden; he was not involved health care. He falls outside the class of personnel that would be on notice for purposes of exhaustion. Barrett had no fair opportunity to address these grievances, and the Court rejects Plaintiff's attempt to use Reed-Bey to advance a claim against an unrelated prison official in this litigation.

## IV.  CONCLUSION

Accordingly, the Court **ACCEPTS** the Report and Recommendation, and **GRANTS** Barrett request for summary judgment.

**IT IS SO ORDERED.**

s/Marianne O. Battani  
MARIANNE O. BATTANI  
UNITED STATES DISTRICT JUDGE

DATED: September 24, 2012

## CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and electronic filing.

s/Bernadette M. Thebolt
CASE MANAGER

2:08-cv-10508-MOB-MKM   Doc # 87   Filed 09/24/12   Pg 5 of 5   Pg ID 1074